WILLIAM F. TROWBRIDGE *vs.* ELBRIDGE WHEELER.

Evidence of general reputation that services sued for were not performed for the defendant, but for a third person by whom the defendant was employed as agent, and that, prior to and during the time when the services were rendered, the defendant was notorious.y without money or credit, is inadmissible.

CONTRACT on account annexed for work and labor. The defence was that the services sued for were performed for the Feltonville Horse Shoe Company, and not for the defendant. At the trial in the superior court the defendant, having put in evidence tending to show that the business in which the plaintiff was employed, and in which the services now sued for were rendered, was the business of that company, and that the defendant was connected with the company only as its agent, offered evidence of the general reputation and belief of these facts in the vicinity, and in the building occupied by the plaintiff; and that, prior to and during the time covered by the account annexed, the defendant was notoriously without money or credit; but *Morton*, J. excluded the evidence, and a verdict was rendered for the plaintiff. The defendant alleged exceptions.

*J. E. Maynadier*, for the defendant.

*J. S. Keyes*, for the plaintiff.

HOAR, J. The plaintiff brought his action upon a contract, express or implied. If he relied upon an implied contract, it was incumbent upon him to show that his services were rendered to the defendant, in his business; and it would be a material fact to determine whose business was actually carried on in the place where the plaintiff worked. General reputation would have no tendency to establish the fact; and it would

make no difference in the plaintiff's rights whether he knew or did not know the person or corporation for whom he worked, unless it could be made to appear that the defendant had held himself out to him as the responsible party. If it were established by proof that the business in which the plaintiff worked was the business of a firm known as the Feltonville Horse Shoe Company, and that the defendant was connected with such company only as its agent, the defendant would not be liable, whether these facts were or were not known to the plaintiff by general reputation, nor whether the defendant were in good credit or otherwise.

If, on the other hand, the plaintiff relied upon proof of an express contract with the defendant, notice to him that it was the business of a third party in which he was employed could not affect his right to enforce its performance. Nor would it be any the less the contract of the defendant because he might be, or might be reputed to be, a man of little property or credit.

In either case, it is the fact, and not the reputation of the fact, or the knowledge of the plaintiff respecting it, that is in issue.

If there had been evidence that the defendant, although but an agent, had held himself out to the plaintiff as the real party in interest, and upon this ground the plaintiff sought to charge him, circumstantial evidence of the plaintiff's knowledge of the true state of the case might have been admissible. But such a case is not shown by the bill of exceptions, and we can see nothing erroneous in the exclusion of the evidence which was rejected.                        *Exceptions overruled.*